UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA VELOZ § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 5:20-cv-01438 |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE COMPANY § | |
| *Defendants*. § | |

## DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit which is currently pending in the District court for the 131st Judicial District of Bexar County, Texas, Cause No. 2020CI22423, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

### BACKGROUND

1.  On November 17, 2020, Plaintiff filed her Original Petition styled *Maria Veloz v. Allstate Fire and Casualty Insurance Company*, in the District court for the 131st Judicial District, Bexar County, Texas, Cause No. 2020CI22423, in which Plaintiff alleges contractual causes of action based on a claim for underinsured motorist ("UIM") benefits. *See* Exhibit A, Plaintiff's Original Petition.

2.  Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on November 19, 2020, by certified mail on its registered agent. *See* Exhibit B, Citation of Service.

3.  Plaintiff seeks a declaratory judgment establishing her rights to UIM benefits under the subject insurance policy issued to Plaintiff by Allstate, as well as reimbursement of attorney's

fees under section 542.056 of the Texas Insurance Code "in the amount of $450.00 per hour". *See Plaintiff's Original Petition,* <u>Exhibit A</u> at p. 5-6.

4. Plaintiff affirmatively pleads under subsection 4, **Jurisdiction**, that she is "seeking monetary relief over one million dollars ($1,000,000.00)." *Id.* at p. 2.

5. Plaintiff has not demanded a jury trial.

### GROUNDS FOR REMOVAL

6. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

**A. Parties are Diverse**

7. Plaintiff is a natural person who affirmatively alleges that she resides in San Antonio, Texas. *See Plaintiff's Original Petition,* <u>Exhibit A</u>, p. 1. Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

8. Defendant Allstate Fire and Casualty Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

**B. Amount in Controversy**

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either

(1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, under "Jurisdiction", Plaintiff's petition states that "they are seeking monetary relief over one million dollars ($1,000,000.00)." *Plaintiff's Original Petition*, Exhibit A at p. 2.

11. Based on the foregoing, the amount in controversy exceeds $75,000.00.

### REMOVAL IS PROCEDURALLY PROPER

12. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

13. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached herein as Exhibits A & B.

15. The State Court Docket Sheet is attached hereto as Exhibit C.

16. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of the District court for the 131st Judicial District, Bexar County, Texas.

## PRAYER FOR RELIEF

17. Defendant Allstate Fire and Casualty Insurance Company prays that the Court accept jurisdiction over the state court action, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

*/s/ Robert E. Valdez*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this **18th** day of **December 2020**, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email and e-service in the state court proceeding:

Steve Dummitt
State Bar No. 24082936
Cynthia N. De Santiago
State Bar No. 24090997
THE CARLSON LAW FIRM, P.C.
6243 IH-10 West, Suite 205
San Antonio, Texas 78201
Phone: (210) 696-8600
Fax: (210) 680-7119
*Counsel for Plaintiff*

                                                */s/ Robert E. Valdez*
                                                **Robert E. Valdez**