IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA VELOZ, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-01438-DAE |
| vs. | § § § | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § | |

# **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#12]. The motion was referred to the undersigned for disposition, and the undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

By her motion, Plaintiff asks the Court to grant her leave to file affidavits concerning the reasonableness of costs and necessity of medical care and expenses under Section 18.001 of the Texas Civil Practice and Remedies Code. Plaintiff's certificate of conference indicates that the motion is opposed. According to this Court's Local Rules, Defendant's response in opposition to the motion was due on or before April 8, 2021. *See* W.D. Tex. Loc. R. CV-7(e)(2) (responses to nondispositive motions due within seven days of motion's filing).

To date, Defendant has not filed a response opposing the relief requested in Plaintiff's motion. This Court's Local Rules indicate that if there is no response filed within the time period prescribed by Rule 7, this Court may grant the motion as unopposed. *See id.* Due to the lack of any response by Defendant, the Court will grant the motion as unopposed.

In Texas state court, a plaintiff may prove that his medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code.  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Rahimi v. United States*, 474 F. Supp. 2d 825, 826–27 (N.D. Tex. 2006).  Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).  Texas courts have recognized that section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses."  *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

Generally speaking, federal courts are to apply state substantive law and federal procedural law in diversity cases, like the case currently before the Court.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Federal district courts are split, however, as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine.  *Compare Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (Section 18.001 is substantive provision of Texas law applicable in diversity cases) (collecting cases).  This split has persisted despite a

2

characterization of Section 18.001 as "purely procedural" by the Texas Supreme Court in *Haygood*, 356 S.W.3d at 397–98.

Although the undersigned has recently sided with the courts that have determined that the rule is procedural and should not apply in federal court (at least in the context of FTCA cases), the undersigned continues to grant unopposed motions for the use of Section 18.001 in a diversity action if both parties agree to the procedure. *See, e.g.*, *Stokes v. Chan*, SA-17-CV-318-FB-ESC (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44). The Court will similarly grant Plaintiff's motion in light of the absence of any response in opposition filed by Defendant. Plaintiff may therefore prove the reasonableness and necessity of the medical expenses allegedly incurred as a result of the personal injuries underlying this litigation through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File Affidavits Concerning Cost and Necessity of Services under Texas Civil Practice and Remedies Code § 18.001 [#12] is **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that, unless a controverting affidavit is timely filed as provided by Section 18.001, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by a judge or jury that the amount charged was reasonable or the service was necessary.

**IT IS SO ORDERED.**

SIGNED this 13th day of April, 2021.

                                                ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE