UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARIA VELOZ,**
    *Plaintiff*,

v.                                                        **Case No. SA-20-CV-1438-JKP**

**ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY,**
    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Opposed Motion to Remand* (ECF No. 32). Following the Court's Order dismissing Plaintiff's extra-contractual claims for lack of jurisdiction, *see* ECF No. 26, Plaintiff moved to remand this case for lack of jurisdiction. Defendant has filed a response (ECF No. 33) and Plaintiff has filed a reply (ECF No. 34). For the reasons that follow, the Court grants the motion to remand.

### I. BACKGROUND

Plaintiff commenced this suit in state court. *See* Pl.'s Orig. Pet. (ECF No. 1-1). Although she named Allstate Fire and Casualty Insurance Company as the only defendant, *see id.* ¶ 3, she purported to sue Leeroy Ximenez for negligence and negligence per se, *see id.* ¶¶ 3-12. She also sought a declaratory judgment against Allstate regarding her entitlement to uninsured or underinsured motorist (collectively "UIM") coverage. *See id.* ¶ 16. Finally, she sought reasonable attorney fees in the amount of $450 per hour under Tex. Civ. Prac. & Rem. Code § 37.009 and Tex. Ins. Code § 542.056. *Id.* ¶ 17. She stated that she was seeking "monetary relief over one million dollars." *Id.* at 2.

Defendant thereafter removed the case to federal court on the basis of diversity jurisdiction. *See* ECF No. 1 at 2-3. It characterized Plaintiff's claims as "contractual causes of action based on

a claim for underinsured motorist ('UIM') benefits." *Id.* ¶ 1. It did not recognize any other defendant or any claim other than claims for declaratory judgment and attorney fees. *See id*. at 1-5. It also filed an answer to the complaint. *See* ECF No. 2. Plaintiff later filed a First Amended Complaint ("FAC") to assert claims for (1) UIM benefits at the policy limit of $50,000 and (2) violations of Chapters 541 and 542 of the Texas Insurance Code. *See* ECF No. 4. Defendant filed an amended answer to the FAC; asserted an affirmative defense based on the policy limit; and attached the liability limits to its answer. *See* ECF Nos. 7 and 7-1. It later moved to dismiss the complaint under Fed. R. Civ. P. 12(c). S*ee* ECF No. 8.

The Court found the FAC subject to dismissal but granted Plaintiff an opportunity to amend. *See* ECF No. 16. Plaintiff thereafter filed her Second Amended Complaint ("SAC") to assert claims for (1) declaratory judgment regarding UIM policy coverage up to the policy limit of $50,000 and (2) violations of Chapters 541 and 542 of the Texas Insurance Code. *See* ECF No. 18 ¶¶ 15-22. The extra-contractual claims include requests for attorney fees. *See id*. ¶¶ 19, 22. Defendant filed a Second Amended Answer to the SAC; reasserted its affirmative defense based on the policy limit; and attached the liability limits to its answer. *See* ECF Nos. 19 and 19-1.

After the parties agreed to abate Plaintiff's extra-contractual claims, the Court dismissed those claims for lack of jurisdiction because they were not ripe. *See* ECF No. 26. The Court stated: "Plaintiff asserts a mechanism to determine any entitlement to UIM benefits: a request for declaratory relief. Thus, this action will proceed on the request for declaratory relief regarding UIM coverage." *Id*. at 2. Plaintiff thereafter filed the instant motion to remand. The motion is ripe, and the Court is ready to rule.

## II. MOTION TO REMAND

Defendant removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). While not contesting that the parties are diverse, Plaintiff moves to remand the case

because the amount in controversy is $75,000 or less.

## A. General Principles

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A "defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting § 1441(a)). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. There is no dispute, furthermore, that 28 U.S.C. § 1332(a) provides the federal courts with original jurisdiction over all civil actions between "citizens of different States" when the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest or costs."

A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

## B. Amount in Controversy

Diversity of citizenship between the parties is not at issue here. The parties disagree only as to the amount in controversy. Normally, for purposes of removal, "the sum demanded in good

faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). This is consistent with non-removed diversity cases. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87 ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."). An important factor in "determining the amount in controversy" is whether the plaintiff has "demanded a specific amount of damages" in their state petition or complaint. *Scarlott*, 771 F.3d at 888. When the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Id*. (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)).

Here, Defendant contends that, at the time of removal, Plaintiff's original state petition satisfied the amount-in-controversy component by seeking in excess of one million dollars. Resp. at 3. If Plaintiff made that demand in good faith, it controls. But given the policy limit of $50,000 and the nature of Plaintiff's claims against Defendant in the original state petition, the million-dollar demand "could not have been made in 'good faith.'" *See Boardman v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-01399-JKP, 2020 WL 487225, at *3 (W.D. Tex. Jan. 29, 2020) (finding no good faith demand when the policy limit was $30,000 given the claims asserted). While the original petition purported to assert claims for negligence and negligence per se, it is clear from the face of the pleading that such claims were not against Allstate, the sole defendant sued in the litigation. Such claims appear to have been included so as to give context to the claim for declaratory relief against Allstate. Furthermore, although Plaintiff cited Tex. Ins. Code § 542.056 as a basis for attorney fees in her original petition, she did not assert any claims under Chapter 542 until she amended her complaint in federal court.

"When the Court finds that an operative pleading lacks a good faith monetary demand, 28 U.S.C. § 1446(c)(2) no longer deems the demand as the amount in controversy." *Medina v. Allstate*

4

*Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 596 (W.D. Tex. 2020). In such circumstances, the defendant may still "show that the amount in controversy exceeds the jurisdictional amount" through a showing of the preponderance of the evidence. *See id*. (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)). "Based upon well-settled circuit precedent, defendants can carry their burden 'if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount.'" *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 246 (W.D. Tex. 2021) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (omitting internal quotation marks)).

For declaratory actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). State differently, the amount in controversy in such actions "is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). Furthermore, "in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (citation omitted).

Of course, this means that when the policy limit exceeds the value of the underlying claim, the policy limit does not control. *See id*. On the other hand, "if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Id*. (citing *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959)). Thus, although Plaintiff sought in excess of one-million dollars in her original petition, the known policy limit severely curtails the amount she could

5

receive.

Furthermore, while Defendant appears to contend that Plaintiff asserted extra-contractual claims in her original state petition, the state petition did not include any such claims – those claims were added by amendment once the case was removed to federal court. In any event, even had Plaintiff asserted those claims in the state petition, the Court would not consider them for purposes of satisfying the amount-in-controversy requirement. As already decided in this action, Plaintiff's extra-contractual claims are not yet ripe. Naturally, that means they were not ripe at the time of removal either. Federal courts lack jurisdiction over unripe claims. Thus, even had Plaintiff asserted them in her original state petition, they would not add to the amount-in-controversy. The jurisdictional deficiency leading to their dismissal, and not the dismissal itself, made them irrelevant to determining the amount in controversy.

While the jurisdictional dismissal came after removal, the jurisdictional deficiency existed at the time of removal whether or not Plaintiff asserted the extra-contractual claims prior to removal. For purposes of federal jurisdiction, in actions like this one alleging UIM coverage, a judgment of liability is a prerequisite to related or consequential causes of action and such other claims are not ripe. *See Vasquez v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-01300-JKP, 2021 WL 67214, at *1-3 (W.D. Tex. Jan. 6, 2021); *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA:20-CV-00280-JKP, 2020 WL 3259806, at *1-3 (W.D. Tex. June 16, 2020). Thus, it is not their dismissal that makes them immaterial to the amount-in-controversy calculations, it is their unripe nature at the time of removal. This differs from the Court later dismissing a claim on the merits after removal. In this case, it is not subsequent events post-removal that has affected jurisdiction. Instead, a lack of federal jurisdiction over extra-contractual claims – both at the time of removal and the time of dismissal – resulted in the dismissal of such claims.

Based on *Hartford* and *Payne* and under facts similar to those here, "the policy limits

6

control, and the amount demanded in the . . . state-court complaint cannot legally support a judgment in excess of the jurisdictional amount." *Angiel v. Allstate Fire & Cas. Ins. Co.*, No. SA-18-CA-1285-FB-HJB, 2020 WL 4192263, at *3 (W.D. Tex. Jan. 31, 2020) (recommendation of Mag. J.) *accepted by* 2020 WL 10051746 (W.D. Tex. Feb. 28, 2020). In addition, although attorney fees may be recoverable under Tex. Civ. Prac. & Rem. Code § 37.009, *see Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 266-72 (Tex. 2021), that statute "is a state procedural vehicle which does not govern in federal court" and "it cannot be considered in determining whether the amount in controversy is sufficient to support removal" *see Angiel*, 2020 WL 4192263, at *4. To the extent Plaintiff had asserted a claim for attorney fees under Chapter 542 of the Texas Insurance Code, such claim was not ripe at the time of removal. Even though Allstate may "face an award of attorney's fees under § 37.009 in state court if the case is remanded," that prospect "is irrelevant" for purposes of determining the amount in controversy, because "it is a 'legal certainty' Allstate will not face such an award in federal court." *Id*. at *4 n.5 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Although Defendant attempts to distinguish *Angiel*, its attempts fail. Defendant essentially relies on the face of Plaintiff's state court pleading to satisfy its burden to show that the amount in controversy exceeds the jurisdictional amount. However, the state petition of itself does not carry its burden in this instance. The factual allegations and the nature of the asserted claims and damages do not show that the amount in controversy likely exceeds $75,000. The demand for damages exceeding one million dollars was not made in good faith given the nature of the claims and the policy limits.

Furthermore, although a claim for attorney fees can be "included as part of the amount in controversy," the state petition must allege "facts that, if proven, would give rise to a claim for attorney's fees under" a state statute providing for such fees. *Manguno v. Prudential Prop. & Cas.*

7

*Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiff cites two state statutes for attorney fees, but Tex. Civ. Prac. & Rem. Code § 37.009 does not provide a basis for fees for the reasons stated in *Angiel*, and to the extent Plaintiff also sought fees under Chapter 542 of the Texas Insurance Code, such avenue was either unavailable for the lack of an asserted claim under Chapter 542, or was not ripe, if the Court were to accept that Plaintiff initially pursued a claim under that Chapter. Because the face of Plaintiff's state petition does not show any viable basis for attorney fees on her asserted claims, the claim for fees does not add to the likelihood that the amount in controversy exceeds $75,000.

Defendant has not carried its burden to show that the amount in controversy likely exceeds the amount required for diversity jurisdiction. It has thus not carried its burden to establish that federal jurisdiction exists or that removal was proper in this case.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Opposed Motion to Remand* (ECF No. 32) and **ORDERS** that this case be remanded to the 131st Judicial District Court of Bexar County, Texas, Cause Number 2020-CI-22423. By separate document, the Court will issue an order remanding this case.

**IT IS SO ORDERED this 28th day of March 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**